**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:26-cr-03089 |
| | ) | |
| TIMOTHY COWDEN, | ) | |
| | ) | |
| Defendant, | ) | |

## UNOPPOSED MOTION FOR CONTINUANCE OF PRETRIAL CONFERENCE AND JURY TRIAL SETTING

COMES NOW Defendant, Timothy Cowden, by and through Counsel, James R. Hayes of WAMPLER & PASSANISE and moves the Court for a continuance of the Pretrial Conference scheduled for June 11, 2026, at 9:30 a.m. and the Jury Trial setting scheduled for July 6, 2026, at 9:00 a.m. In support of this motion for Continuance, the Defendant states as follows:

## LEGAL SUGGESTIONS

1. This case has a Pretrial Conference scheduled for June 11, 2026, at 9:30 a.m., and a Jury Trial Setting scheduled for July 6, 2026, at 9:00 a.m.

2. The defense requires additional time to review and analyze outstanding discovery. The government's production involves voluminous electronic evidence that requires specialized storage hardware, which had to be ordered and is currently pending delivery.

3. This continuance is not sought for the purpose of undue delay but is sought in truth and fact that the Defendant may be afforded due process of law under the Fifth Amendment to the United States Constitution and afforded effective

1

assistance of counsel under the Sixth Amendment to the United States Constitution. In accordance with 18 U.S.C. §§ 3161(h)(7)(A) and (B)(I) and (IV), it is submitted that the above-stated reasons for a continuance outweigh the best interests of the public and the Defendant to a speedy trial which is required by 18 U.S.C. § 3161(c)(1). In short, the procedural components that currently exist in this case necessitate a continuance to avoid a miscarriage of justice and/or to ensure that Timothy Cowden has clear, meaningful, and effective access to counsel while preparing to resolve this case.

4. Under the provisions of 18 U.S.C. § 3161(h)(7)(A), the period of time until the next criminal trial docket should be excluded in computing the period of time in which the Defendant should be brought to trial under the provisions of the Speedy Trial Act.

5. Defense Counsel has spoken with AUSA, and she does not object to this continuance.

WHEREFORE, Defense Counsel prays for an Order herein that the pretrial conference and Jury Trial be struck and continued to the Court's November 2026 Jury Trial Docket by agreement and for such other and further relief as the court deems just and proper.

Respectfully Submitted

_____/s/James R. Hayes_____
JAMES R. HAYES, MO Bar #61213
Attorney for Defendant

2

WAMPLER & PASSANISE
Attorneys at Law
2974 E. Battlefield
Springfield, MO  65804
joe@deewampler.com
tom@deewampler.com
james@deewampler.com
PH: (417)882-9300
FAX: (417)882-9310

**Certificate of Service**

I hereby certify that on June 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the U.S. Attorney, Springfield, Missouri.

_____/s/James R. Hayes_____
Joseph S. Passanise
Thomas D. Carver
James R. Hayes
Attorney at Law